Tracy R. Horn (CA Bar No. 258170)
**THE TORKZADEH LAW FIRM**
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (800) 929-0262
E-mail: Tracy@TorkLaw.com

Attorneys for Plaintiff
Jack Gee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK GEE,<br><br>    Plaintiff(s),<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.; and<br>DOES 1-50, Inclusive,<br><br>    Defendant(s). | Case No. 8:16-cv-00832-DOC-KES<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, *et. seq.*)<br><br>JURY TRIAL DEMANDED<br><br>Judge:     Hon. David O. Carter<br>Ct.:<br><br>Location:  U.S. Courthouse<br>           411 W. 4th St.<br>           Santa Ana, CA 92701 |

NOW COMES plaintiff JACK GEE, by and through his attorneys, The Torkzadeh Law Firm, in his first amended claim for damages against defendant(s) MIDLAND CREDIT MANAGEMENT, INC.; and DOES 1-50, Inclusive. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff files this amended complaint as a matter of course within 21 days of being served with Defendant's motion to

dismiss (Doc. 10). *In re Tracht Gut, LLC*, 503 B.R. 804, 813 (9th Cir. BAP 2014). Upon information and belief, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the United States Congress after it found abundant evidence of the use of abusive, deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.* While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III. VENUE

4. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15

U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. PARTIES

5. Plaintiff JACK GEE is a natural person residing in Orange County, California. At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

6. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a corporation organized under the laws of the state of Kansas and its principal place of business is located at 3111 Camino Del Rio N. Ste. 1300, San Diego, California. MCM may be served as follows: Midland Credit Management, Inc., c/o Corporation Service Company, the registered agent for service of process, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833. Upon information and belief, MCM is one of the nation's largest debt collection recovery specialists. The principal business of MCM is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and MCM regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another. MCM is thus a "debt collector" per 15 U.S.C. § 1692a(6).

7. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the

TORK

1 | true name when Plaintiff discover it.  Plaintiff is informed and believes, and
2 | thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15
3 | U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that
4 | Defendant DOE is vicariously liable to Plaintiff for the acts of MCM and MFL.

8. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

9. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names.  Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants.  Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation or debt arising out of a consumer credit account.  The debt was incurred primarily for personal, family or household purposes and is thus a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff defaulted on his consumer credit account, the defaulted debt was sold, assigned, or otherwise transferred from the original creditor to MIDLAND FUNDING, LLC ("MFL") either directly or through a series of intermediate

TORK

assignees. Plaintiff is informed and believes, and thereon alleges, that the original creditor retained no interest in Plaintiff's defaulted debt after the sale, assignment and transfer of the debt to MFL.

12. Plaintiff is informed and believes, and thereon alleges, that sometime after the debt was sold or assigned to MFL, the debt was placed with MCM for the purpose of collection from Plaintiff.

13. Following placement of the debt for collection, MCM, on April 13, 2016, mailed a demand letter to Plaintiff in an attempt to collect the subject debt. MCM'S demand letter stated "[b]ecause of the age of your debt, we will not sue you for it." (Ex. A). However, contrary to the claim of that deceptive and misleading language, the demand letter opens Plaintiff up to being sued if he elects to enter into one of the suggested payment agreements and otherwise opens him up to an undisclosed tax liability that deceptively changes the amount of the payoff.

14. MCM'S demand letter offers Plaintiff a choice of several new contracts, the first being that in exchange for Plaintiff's payment of $2,391.25, MCM will forgive 40% of the original $3,985.41 debt and, in return for Plaintiff's full performance, promises return performance to the extent that MCM will report the account to credit reporting agencies as paid in full. (Ex. A). This first offer amounts to a debt forgiveness of $1,594.16. This offer is deceptive because it leads the least sophisticate consumer to believe that he could be rid of this debt for only $2,391.25, when in fact he would also owe tax money on $1,594.16, the amount of forgiveness, which the letter fails to disclose to him.

15. The second offer contained in MCM'S demand letter offers 20% off the original debt in exchange for 6 monthly payments, amounting to a total debt forgiveness of $797.03. (Ex. A). This offer deprives the least sophisticated

TORK

- 5 -   *Case# 8:16-cv-00832-DOC-KES*
First Amended Complaint

consumer the ability to respond intelligently because it is unclear as to the amount of each installment and when each installment should be paid. Furthermore, if this is considered a unilateral contract, then MCM has the ability to rescind the promise of a discount at any time before the full amount is paid without notifying the Plaintiff. If this contract is considered a bilateral contract, then Plaintiff, contrary to the "we will not sue you" language, is exposed to a lawsuit if he breaches the agreement. As with the first offer, the letter fails to mention the tax implications Plaintiff would face if he accepts the second offer that includes debt forgiveness.

16. The third offer is Defendants' acceptance of "[m]onthly payments as low as $50" with the total payoff being left uncertain. (Ex. A). As with the second offer, Plaintiff is left with no intelligent way to respond to this offer. He has no idea the exact amount of the monthly payments or when they are due. The letter also fails to make clear what the total amount Plaintiff will end up paying if he chooses this offer. As with the second offer, this third offer deceptively encourages Plaintiff to abandon his current immunity from lawsuit in favor of being exposed to a potential lawsuit arising from breach of a new contract.

17. MCM'S demand letter failed to explain to Plaintiff the new burdens that entering into any of these contracts would place on him. Were he to accept any one of these new contracts and then default on his payments, he could be sued for breaching the new contract. To this end, the payment plans and their undisclosed implications overshadow and make misleading the "we will not sue you" language required by Cal. Civ. Code § 1788.52(d).

18. Furthermore, Defendants' proposed payment plans, contrary to the claim that they would help Plaintiff "regain [his] financial free-dom", could be detrimental to Plaintiff's financial situation. Plaintiff's financial situation could be

worse off because any forgiveness of the debt would result in Plaintiff being taxed on that amount as income, a tax he would not be obligated to pay if he did not agree to a payment plan and an amount that he may not be budgeted to pay. 26 U.S.C. § 6050P. By failing to disclose the potential tax implications, Defendants' letter frustrates the least sophisticated consumer's ability to intelligently respond.

## VI. FIRST CAUSE OF ACTION:
## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

17. Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

18. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

19. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant used a false and misleading representation in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e, e(10);

    b. Defendants misrepresented the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay his debt.

TORK

24. As a result of Defendant's violations of the FDPCA, Plaintiff has been caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

25. As a result of Defendant's violations of the FDPCA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10);

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

e) Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief deemed proper and just.

Date: June 20, 2016

Respectfully submitted,

**THE TORKZADEH LAW FIRM**

By: /s/ Tracy R. Horn
Tracy R. Horn (SBN: 258170)
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111
Fax: (800) 979-0262
E-Mail: Tracy@TorkLaw.com

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JACK GEE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Tracy R. Horn
Tracy R. Horn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**TORK**

# EXHIBIT A

**mcm** Midland Credit Management, Inc.
2365 Northside Drive, Suite 300, San Diego, CA 92108

04-13-2016

001 Jack L Gee
P66T2349 13061 Lampson Ave Apt 58
Garden Grove, CA 92840-6003



# Did y u forg t somethi g?

| MCM Account Numbe | Current Balance | Discount |
|---|---|---|
| 8559515537 | $3,985.41 | 40% OFF |

Original Creditor........... WEBBANK
Original Account.......... 6879450129044445933
Current Owner.............. MIDLAND FUNDING LLC

## CALL US TODAY! (800) 282-2644
### Hours of Operation:
M – Th: 5:00am – 9:00pm PST; Fri: 5:00am – 4:30pm PST; Sat: 5:00am – 4:30pm PST; Sun: 5:00am – 9:00pm PST

### We can't change the past, but we can help with your future.

RE: Webbank / Dell Financial Services L.L.C.

Jack L Gee, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) 282-2644 or visit us online at www.midlandcreditonline.com by 05-13-2016 to accept one of these discounts.
**We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**
**Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial free-dom!**
**After receiving your final payment, we will consider the account paid\*.**

Sincerely,

C. Weber, Division Manager

### KNOW YOUR OPTIONS

**Option 1**
**40% OFF**
Payment Due Date: 05-13-2016

**Option 2**
**20% OFF**
Over 6 Months

**Option 3**
**Monthly Payments As Low As:**
**$50 per month**

 Call: (800) 282-2644

 Pay Online at: www.midlandcreditonline.com

 Mail: Payment Certificate

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

\*If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

1

**PROOF OF SERVICE**

2

*GEE v. MIDLAND CREDIT MANAGEMENT, INC., ET AL.*

3

Case No. 16cv832 DOC KES

4

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5

I, Tracy R. Horn, am an attorney licensed in California.  My business address is 11601 Wilshire Blvd. Ste. 500, Los Angeles, CA 90025, (310) 935-1111.  I am over 18 years of age, not a party to the within action, and I am exempt from registration under California Business and Professions Code § 22350(b).

6

7

8

I served on <u>June 20, 2016</u> the foregoing document(s) described as –

9

- FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FDPCA

10

11

- on the other parties in this action by delivering as follows:

12

Thomas F. Landers, Esq.
**MIDLAND CREDIT MANAGEMENT**
401 B Street, Ste. 1200
San Diego CA 92101
(t) 619.231.0303
(f) 619.231.4755
tlanders@swsslaw.com
Attorneys for Defendants

13

14

15

16

17

18

 [X]    FRCP 5(b)(2)(C): mailing to last known address.

19

**Executed on <u>June 20, 2016</u> in Los Angeles, California.**

20

I swear under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.

21

22

/s/ Tracy R. Horn
Tracy R. Horn

23

24

25

TORK

- 1 -    *Case# 8:16-cv-00832-DOC-KES*
First Amended Complaint (Proof of Service)